**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4484**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TARVIS LEVITICUS DUNHAM,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:06-cr-00456-FDW-1)

Submitted:  April 10, 2009          Decided:  April 22, 2009

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David G. Belser, BELSER & PARKE, Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a guilty plea, Tarvis Leviticus Dunham was convicted of using a firearm in relation to a crime of violence, assault with a deadly weapon during a bank robbery, and larceny of a motor vehicle through force or violence, in violation of 18 U.S.C. §§ 924(c)(1), 2113(d), and 2119 (2006). The district court sentenced Dunham to a total of 300 months' imprisonment. Dunham appeals his sentence, contending that the prosecutor in his case committed misconduct by introducing a statement by the spouse of the carjacking victim as a victim statement during the sentencing hearing. Dunham argues the spouse was not a "victim" under 18 U.S.C. § 3771(e) (2006), the prosecutor violated his due process rights by failing to provide advance notice of his intent to introduce the statement, and the prosecutor's argument at sentencing improperly referenced the statement. Finding no error, we affirm.

A claim of prosecutorial misconduct is reviewed "to determine whether the conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002) (internal quotation marks and citation omitted). To prevail under this standard, Dunham must show that "the prosecutor's remarks or conduct were improper and, . . . that

2

such remarks or conduct prejudicially affected his substantial rights so as to deprive him of a fair trial." Id.

The Crime Victims' Rights Act (CVRA) defines a "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e) (2006). The current law does not definitively answer the question of whether the spouse was a victim of Dunham's crimes, as defined by the CVRA. See In re Antrobus, 519 F.3d 1123, 1125 (10th Cir. 2008) (noting that "[t]his area of the law . . . is not well-developed and is evolving"). The act does not limit the information a district court may hear at sentencing. Therefore, the prosecutor did not act in derogation of established authority by offering and then referencing the spouse's victim impact statement.[*]

Dunham cites no authority for his additional contention that the prosecutor violated his right to due process by failing to give him advance notice of his intent to introduce the spouse's statement. Again, the prosecutor's conduct was neither improper nor constituted prosecutorial misconduct.

---

[*] In the alternative, even if it is assumed the spouse was not a victim of Dunham's crime, as defined by the CVRA, we would nevertheless conclude that the impact of his statement did not so infect the sentencing proceeding with prejudicial error as to warrant relief.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED